# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| STEEL ERECTORS, INC., for the use )<br>and benefit of the United States of )<br>America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIM STEEL INTERNATIONAL, INC.,)<br>)<br>Defendant. ) | Case No. CV415-208 |

# ORDER

In this breach of contract case, plaintiff Steel Erectors moves to compel defendant AIM Steel International to supplement its Fed. R. Civ. P. 7.1 corporate disclosure statement by naming its foreign parent company. Doc. 11. AIM, endeavoring to protect its parent's identity "for competitive and business reasons," doc. 13 at 1, opposes, though "if required, it would submit" its parent's identity *in camera. Id.*

Under Rule 7.1, "[a] nongovernmental corporate party must file . . . a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock." Elaborating, S.D. Ga. L.R. 7.1.1 requires the filing party to "certify a full and complete

list of all parties, all officers, directors, or trustees of parties, and all other persons, associations of persons, firms, partnerships, subsidiary or parent corporations, or organizations which have a financial interest in, or another interest which could be substantially affected by, the outcome of the particular case, including any parent or publicly-held corporation that holds ten percent (10%) or more of a party's stock."

The statement exists "to assist district judges in determining whether they might have a financial interest in a corporate entity that is related to a corporate party in a case before them and therefore requires their recusal." 5 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1197 (3d ed. 2010); *see also* Fed. R. Civ. P. 7.1 advisory committee's note ("The information [required by Rule 7.1] will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c) [of the Code of Conduct for United States Judges]."). It is not, as plaintiff contends, "designed to provide 'full and complete' disclosure to the opposing party so that discovery can

be structured to determine the financial identity of the parent corporation." Doc. 11 at 2.[1]

Regardless of its purpose, nothing in Rule 7.1 provides an escape hatch for parties like AIM whose corporate parents wish to remain anonymous. "[N]ongovernmental corporate part[ies]," like AIM, must identify "*any* parent corporation and any publicly held corporation owning 10% or more of [their] stock" by *filing* two copies[2] of its disclosure statement. Fed. R. Civ. P. 7.1 (emphasis added). And filings do not by default receive sealing consideration. Quite the opposite, since "courts recognize a common-law public right of access to judicial

---

[1] Nothing in the rule, the advisory committee note, or case law supports plaintiff's reading. In fact, at least one court has stated the opposite. *See Yanakieva v. Pekun*, 2009 WL 196330 at * 1 (S.D. Ind. Jan. 26, 2009) ("The rule's purpose is not to put Plaintiff on notice of additional entities that may need to be brought into the litigation."); *see also Young v. Nw. Trustee Servs., Inc.*, 2015 WL 1062047 at * 5 (W.D. Wash. Mar. 11, 2015) (defendant's failure to file a disclosure statement did not justify striking its motion to dismiss because Rule 7.1's purpose -- "to help judges be properly informed of potential conflicts of interest that might justify disqualification" -- had no bearing on the merit of any claim or defense, nor did the failure to file prejudice the plaintiff); *Plotzker v. Lamberth*, 2008 WL 4706255 at * 12 (W.D. Va. Oct. 22, 2008) ("Because corporate disclosure forms are intended to be used by judges in determining whether disqualification is necessary, they are not required to be served on other parties."). That "[a]n interrogatory or other discovery device would appear to be a more exacting tool for such a task," reinforces rejecting plaintiff's reading. *Yanakieva*, 2009 WL 196330 at * 1.

[2] In this era of e-filing, Local Rule 79.7's "two copy" requirement makes little sense. The Court expressly relieves AIM from that particular obligation regardless of the success or failure of plaintiff's motion to compel or any motion AIM may file in response to this Order.

3

proceedings and records." *United States v. Bradley*, 2007 WL 1703232 at * 1 (S.D. Ga. June 11, 2007).

Still, the Court has discretion to order filings sealed.[3] *See* Fed. R. Civ. P. 5.2(d); S.D. Ga. L.R. 79.7; *Jackson v. Deen*, 2013 WL 1911445 at * 3 (S.D. Ga. May 8, 2013) (noting that "sealing has long been a matter of judicial discretion") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). But the party seeking privacy protections[4] must first move the Court for that relief and set "forth the grounds why the matter presented should not be available for public inspection." S.D. Ga. L.R.

---

[3] AIM contends that the Court could issue a protective order under Fed. R. Civ. P. 26(c) instead of sealing its Rule 7.1 statement. Doc. 13 at 2. Not so. Protective orders apply to discovery materials, *see* Fed. R. Civ. P. 26(c) ("A party . . . *from whom discovery is sought* may move for a protective order. . . .") (emphasis added), which do not include disclosure statements.

AIM also urges the Court to adopt the approach used in *Best Odds Corp. v. Ibus Media Ltd.*, 2014 WL 5687730 (D. Nev. Nov. 4, 2014). There, the court distinguished dispositive and non-dispositive motions and determined that the public's lesser interest in the latter allowed it to grant defendant's motion to file its Rule 7.1 statement *in camera* upon a showing of good cause under Rule 26(c). *Id.* at * 2. For starters, this Court does not subscribe to the dispositive/non-dispositive dichotomy used by the Ninth Circuit. *See Bradley*, 2007 WL 1703232 at * 2 ("Motions and their attachments, then, are subject to public access, and it makes no difference whether a motion is characterized as dispositive."). And, as discussed above, Rule 26 does not apply to Rule 7.1 statements because they do not constitute discovery materials. *Best Odds* therefore provides AIM no support.

[4] Those protections can take several different forms. The Court could remove the statement from public view, allow AIM to file a redacted statement publicly and submit an unredacted version *in camera*, or allow it to file an unredacted version that only the Court can access (hence, "sealed").

4

79.7(b). The burden to justify sealing "rests upon the moving party," who "must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." L.R. 79.7(d).

AIM has not moved to seal its corporate disclosure statement and offers only conclusory assertions to support its opposition to plaintiff's motion to compel. *See* doc. 13 at 3 ("AIM's parent company has a private interest in keeping its name out of the public domain for competitive and business reasons."). Denying plaintiff's motion to compel at this stage and allowing AIM to file its disclosure statement *in camera*, then, would ignore Local Rule 79.7 and relegate the public's right of access to an afterthought.

Nevertheless, the Court, cognizant of "potential litigation abuses,"[5] *Best Odds*, 2014 WL 5687730 at * 3, will **DEFER** ruling on plaintiff's

---

[5] Plaintiffs are free to name deep pocketed corporate parents as parties, even though they have no connection to a case whatsoever, simply to leverage settlement or as litigation horse-trading. The Court does not intimate that the plaintiff in this case is doing that, but the risk such tactics pose is sufficient to allow AIM a short time to comply with Local Rule 79.7 if it so desires.

motion to compel for 14 days in order to give AIM an opportunity to move under Local Rule 79.7 should it wish to do so.[6]

**SO ORDERED**, this 18th day of November, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court cautions that (1) the burden is on AIM to show that its privacy interests outweigh the public's right of access, and (2) in making the required showing, invocations of empty phrases like "competitive and business reasons" (doc. 13 at 3) will not, without more flesh on the bone, suffice.