# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| STEEL ERECTORS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV415-208 |
| | ) | |
| AIM STEEL INT'L, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Given that this case has languished for more than two years after defendant filed a "suggestion of bankruptcy" (doc. 33) and the Court stayed the case pending resolution of defendant's voluntary bankruptcy (doc. 34; *see also In re AIM Steel International, Inc.*, No. 16-67661 (N.D. Ga.)), the Court ordered the parties to file a brief joint status report. Plaintiff's counsel, who remains lead attorney and attorney to be noticed on the docket, filed a unilateral status report informing the Court that he retired from the practice of law over a year ago. Doc. 36. Despite this, he further represented to the Court that "there are no remaining issues for adjudication, given the insolvency of the Defendant," to the best of his knowledge. *Id.*

Even liberally construed as, perhaps, a motion to withdraw as

plaintiff's counsel this single paragraph notice is woefully deficient. As far as the Court (and perhaps the parties) can tell, plaintiff remains represented. *See* S.D. Ga. L. R. 83.7 (attorneys desiring to withdraw "shall disclose that such attorney has given due notice to his client of his intention to withdraw from the case, and shall specify the manner of such notice to the client, attaching copy of the notice."). The reconstrued motion thus must be **DENIED without prejudice**. The Court, of course, will consider a renewed motion for plaintiff's counsel to withdraw if it is in compliance with S.D. Ga. L. R. 83.7.

That being said, that leaves plaintiff (potentially) pro se. Defendant is already listed as pro se on the docket. *See* docs. 30 & 31 (granting defense counsel's motion to withdraw shortly before the case was stayed). Corporations, of course, cannot appear pro se in federal courts. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985). Though plaintiff may indeed intend to dismiss the case, given defendant's apparent insolvency, the Court will not foreclose the possibility that it may yet want a judgment. Meaning, if plaintiff intends to keep the case alive it needs to locate counsel and have that counsel file

a notice of appearance. If defendant intends to defend this case, it too will need counsel to appear — even if the matter remains stayed.

Plaintiff's counsel is therefore **ORDERED** to file with the Court within **21 days** of service of this Order both a renewed motion to withdraw (in compliance with the Local Rules) and a statement indicating whether his client wishes to prosecute this case. If plaintiff intends to keep this case alive, both parties will need to locate counsel. If plaintiff wishes to dismiss this case, plaintiff's counsel should so inform the Court as well. The Clerk is therefore **DIRECTED** to serve this Order on both corporations' registered agents[1] to apprise both that they are expected to retain counsel and add them as their attorneys of record.

**SO ORDERED,** this __8th__ day of April, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] According to the Georgia Secretary of State Corporations Division registry, *see* https://ecorp.sos.ga.gov/BusinessSearch, Steel Erector's registered agent for service can be reached as follows: Leslie Clifton Shinn, 1767 Old Dean Forest Road, Pooler, GA 31322. AIM Steel International, Inc.'s business license has been revoked according to the Georgia Secretary of State. Its registered agent can be located as follows: David Brown, General Manager AIM Steel Int'l, Inc., 2366 Sylvan Road, Atlanta, GA 30344.