# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

STEEL ERECTORS, INC.,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )        CV415-208
                                 )
AIM STEEL                        )
INTERNATIONAL, INC..             )
                                 )
    Defendant.                   )

## ORDER AND REPORT AND RECOMMENDATION

After several years of silence, the Court directed plaintiff to file a Status Report.  *See* doc. 35.  Plaintiff's counsel of record complied and informed the Court that he had retired in 2017 and, so far as he knew, "there are no remaining issues for adjudication."  Doc. 36.  The Court construed that limited response as a deficient request to withdraw.  *See* doc. 37.  He renewed his motion to withdraw, and further represented that he "has personally spoken to Plaintiff's corporate officers," and confirmed that it "does not wish to prosecute this case further at this time, and does not wish to retain other counsel in this case at this time."  *See* doc. 38-1 at 1-2.

Based on counsel's representations, it appears that the notice

requirement of the Court's Local Rule 83.7 has been satisfied. Accordingly, his request to withdraw is **GRANTED**. Doc. 38. The question of the status of this case is slightly more complicated, however. The Court appreciates that plaintiff neither wishes to prosecute this case nor incur any further legal expenses related to it. *Former* counsel's passing remark about those intentions, in a motion to withdraw, does not amount to a voluntary dismissal of the action. *See* Fed. R. Civ. P. 41.

Despite the disconcerting procedural informality, this case has languished long enough. The Court has the power to dismiss cases which the plaintiff fails to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing courts' "inherent" authority to dismiss for failure to prosecute, arising from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The Court accepts counsel's representation that plaintiff no longer wishes to pursue this case. Moreover, its generally desultory attitude to this litigation merits dismissal. Accordingly, this Case should be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 24th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA